**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾

**JESSICA AZZARA,**

**Plaintiff,**

v.                                                                                      **1:16-cv-01213**

**NATIONAL CREDIT ADJUSTERS, LLC,**

**Defendant.**

‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾

**THOMAS J. McAVOY,**
**Senior United States District Judge**

### DECISION & ORDER

## I.     INTRODUCTION

Before the Court is Plaintiff's motion pursuant to FED. R. CIV. P. 55 against

Defendant National Credit Adjusters, LLC in this action which asserts violations of the Fair

Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*  Dkt. # 11. Plaintiff seeks a

judgment as to liability, damages, costs and attorney's fees. *Id.*   For the reasons that

follow, Plaintiff's motion is granted.

## II.    DISCUSSION

The following facts are supported by the entries on the docket, the allegations

contained in the Complaint, and the assertions made in Plaintiff's counsel's Declaration  in

support of the motion [dkt. # 11-2]. These facts are deemed established for purposes of

this motion.

### a. Procedural History

Plaintiff commenced this action on October 6, 2016 seeking to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA"). A summons was issued as to Defendant on October 6, 2016. The summons was returned executed on November 4, 2016, indicating service had been completed on October 24, 2016 (Dkt. # 5). Defendant's answer was due on November 14, 2016 (Dkt. # 5), but Defendant has failed to appear or answer. A Clerk's certificate of default was requested on December 14, 2016 (Dkt. # 6) and issued December 14, 2016 (Dkt. # 7). Plaintiff then moved pursuant to FED. R. CIV. P. 55 seeking a judgment as to liability, statutory damages, and costs and attorney's fees (Dkt. # 11).

### b. Liability

Plaintiff is an individual who is a citizen of the State of New York and is a "consumer" as defined by 15 U.S.C. § 1692a(3). Defendant is an entity that uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another, and is therefore a "debt collector" as defined by 15 U.S.C. § 1692a(6). Plaintiff's alleged debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5). Sometime after the incurrence of the debt, but before the initiation of this action, Plaintiff is alleged to have fallen behind on payments allegedly owed on the alleged debt.

At a time known only to Defendant, Plaintiff's alleged debt was assigned or

otherwise transferred to Defendant for collection. In its efforts to collect the alleged debt, Defendant contacted Plaintiff by written correspondence. Defendant's written correspondence dated January 29, 2016 and received by Plaintiff on February 4, 2016, is a "communication" as defined by 15 U.S.C. § 1692a(2). This written correspondence stated that Plaintiff's "current balance" was $431.41. Compl. Ex. 1. The written correspondence did not disclose whether the "current balance" could increase due to additional interest or late fees. *Id.* Further, the written correspondence indicated that if Plaintiff did not dispute the balance, she could satisfy the debt by paying $215.71 provided she contacted Defendant's account manager by February 29, 2016 after which the offer became null and void. *Id.*

15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt. A collection letter is deceptive under 15 U.S.C. § 1692e if it can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate. A collection letter is also deceptive under 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

15 U.S.C. § 1692e requires debt collectors, when they notify consumers of their account balance, to disclose whether the balance may increase due to interest and fees. *Avila v. Riexinger & Associates, LLC*, 817 F.3d 72, 76 (2d Cir. 2016). As Plaintiff asserts, the least sophisticated consumer could reasonably read Defendant's written correspondence to mean that the "current balance" was static, or that the "current balance" was dynamic due to the continued accumulation of interest and/or late fees.

15 U.S.C. § 1692g provides that "[w]ithin five days after the initial communication

with a consumer in connection with the collection of any debt, a debt collector shall ...

send the consumer a written notice," known as a validation notice. 15 U.S.C. § 1692g(a) ;

*see Russell v. Equifax A.R.S.*, 74 F.3d 30, 33 (2d Cir.1996).  The validation notice is

required to contain certain information, including "the amount of the debt," "the name of

the creditor to whom the debt is owed," and a series of statements outlining the dispute

procedures. 15 U.S.C. § 1692g(a); *see also Hoo-Chong v. CitiMortgage, Inc.*, 2017 WL

1232506, at *4 (E.D.N.Y. Mar. 31, 2017).  This provision states that "unless the consumer,

within thirty days after receipt of the notice, disputes the validity of the debt, or any portion

thereof, the debt will be assumed valid by the debt collector." 15 U.S.C. § 1692g(a)(3).  "If

the consumer disputes the debt or requests the name and address of the original creditor

during the thirty-day 'validation period,' the debt collector must 'cease collection of the

debt, or any disputed portion thereof' until the debt collector verifies the debt or obtains the

name and address of the original creditor and 'a copy of such verification ... or name and

address of the original creditor, is mailed to the consumer by the debt collector.'" *Ellis v.*

*Solomon & Solomon, P.C.*, 591 F.3d 130, 134-35 (2d Cir. 2010)(quoting 15 U.S.C. §

1692g(b)).

"Validation period collection activities and communications must not 'overshadow'

or 'contradict' the validation notice." *Id.* at 135.   "A notice is overshadowing or

contradictory if it would make the least sophisticated consumer uncertain as to her rights."

*Russell*, 74 F.3d at 35.

"A debt collector's written communication to a debtor violates the FDCPA if it is

'reasonably susceptible to an inaccurate reading' of the required message or 'contains

language that overshadows or contradicts other language informing a consumer of her rights.'" *Weber v. Computer Credit, Inc.*, 259 F.R.D. 33, 37–38 (E.D.N.Y. 2009) (quoting *Russell*, 74 F.3d at 34 (internal quotation marks and citation omitted)). A statement that the creditor "insists on immediate payment or a valid reason for [the] failure to make payment" without "transitional language" explaining that this demand did not override the consumer's rights as provided in the required validation notice violates the FDCPA. *Savino v. Computer Credit, Inc.*, 164 F.3d 81, 85 (2d Cir.1998); *see also DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001) (passage reading that "in the absence of a valid reason for your failure to make payment, pay the above debt or contact the  doctor to settle this matter" would "arguably interfere[ ]" with the required message that the debtor may dispute the debt). Defendant's written correspondence fails to explain or provide transitional language that its demand for payment within the validation period did not override the Plaintiff's right to demand validation of the debt.

Based on the above, Defendant violated 15 U.S.C. §§ 1692e and 1692g, and Plaintiff is entitled to a judgment as to liability. *See Jordan v. Tucker, Albin and Associates, Inc.,* 2017 WL 2223918, at *6 (E.D.N.Y. May 19, 2017) ("To plead a FDCPA claim, a plaintiff must show that '(1) he has been the object of collection activity arising from consumer debt; (2) the defendant is a "debt collector" as defined by the FDCPA; and (3) the defendant has engaged in an act or omission prohibited by the FDCPA.'")(quoting *Daniels v. US Bank Nat'l Ass'n*, No. 15-cv-5163, 2016 WL 5678563, at *2 (E.D.N.Y. Sept. 28, 2016)).

**b. Damages**

Plaintiff seeks statutory damages of $1,000.00 against Defendant pursuant to 15 U.S.C. § 1692k. "'[A]ny debt collector who fails to comply with any provision' of the FDCPA is liable for (a) 'any actual damage' sustained by the debtor, (b) statutory damages not exceeding $1,000, and (c) reasonable attorney's fees." *Jordan*, 2017 WL 2223918, at *7 (quoting 15 U.S.C. § 1692k(a)). Based on the finding of liability under the FDCPA, Plaintiff is awarded $1,000.00 statutory damages against Defendant pursuant to 15 U.S.C. § 1692k(a)(2)(A).

### c. Attorney's Fees and Costs

Plaintiff's seeks attorney's fees and costs pursuant to 15 U.S.C. § 1692k. Pursuant to the FDCPA, a prevailing plaintiff may recover "the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3). *See Stevens v. EOS CCA*, 2017 WL 1423242, at *1 (N.D.N.Y. Apr. 21, 2017).

#### 1. Attorney's Fees

Plaintiff seeks attorneys' fees for 8.1 hours of legal work performed by Craig B. Sanders, Esq., and for 3.8 hours of legal work performed by David M. Barshay, Esq. Both Mr. Sanders and Mr. Barshay are founding partners of Barshay Sanders Law, PLLC, the law firm representing Plaintiff, and both have extensive legal experience. Both seek to be compensated at the rate of $525.00 per hour, their standard hourly rate and an hourly rate that has been awarded in courts outside of the Northern District of New York.

> "When a litigant qualifies as one eligible for attorney's fees under the FDCPA, the district court has the discretion to adjust the amount of fees for various portions of the litigation, guided by reason and the statutory criteria." *Kapoor v. Rosenthal*, 269 F. Supp. 2d 408, 412 (S.D.N.Y. 2003) (citing 15 U.S.C. § 1692k(a)(3)). "Both [the Second Circuit] and the Supreme Court have held that the lodestar—the product of a reasonable hourly rate and the

reasonable number of hours required by the case—creates a 'presumptively reasonable fee.'" *Millea v. Metro-N. R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (quoting *Arbor Hill Concerned Citizens Neighborhood Assoc. v. Cnty. of Albany*, 522 F.3d 182, 183 (2d Cir. 2008)) (other citation omitted); *see also Bergerson v. N.Y. State Office of Mental Health, Cent. N.Y. Psychiatric Ctr.*, 652 F.3d 277, 289 (2d Cir. 2011) (stating "[a]ttorneys' fees are awarded by determining a presumptively reasonable fee, reached by multiplying a reasonable hourly rate by the number of reasonably expended hours") (citing *Simmons v. N.Y. City Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009)). "The lodestar figure should be in line with the rates prevailing in the community for similar services by attorneys of comparable skill, experience, and reputation." *Kapoor*, 269 F. Supp. 2d at 412 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Luciano v. Olsten Corp.*, 109 F.3d 111, 115 (2d Cir. 1997)). "[T]he presumptively reasonable fee boils down to 'what a reasonable, paying client would be willing to pay,' given that such a party wishes 'to spend the minimum necessary to litigate the case effectively.'" *Simmons*, 575 F.3d at 174. . . .

In determining what a reasonable, paying client would be willing to pay, the Court considers the following factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Arbor Hill*, 522 F.3d at 186 n.3 (citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)).

\* \* \*

Furthermore, the Second Circuit's " 'forum rule' generally requires use of 'the hourly rates employed in the district in which the reviewing court sits in calculating the presumptively reasonable fee.'" *Bergerson*, 652 F.3d at 290 (quoting *Simmons*, 575 F.3d at 174).

*Stevens v. EOS CCA*, 2017 WL 1423242, at \*1–2 (N.D.N.Y. Apr. 21, 2017)

Under the forum rule, and given the relatively straightforward legal and factual issues presented in this case, the Court finds that the prevailing hourly rates for the Northern District of New York are the appropriate guide for reasonable hourly fees here. The hourly rate for experienced counsel in a FDCPA case in the Northern District of New York is $210 per hour. *See Stevens*, 2017 WL 1423242, at *3 ("As recently as 2012, the Second Circuit has upheld determinations that '[t]he prevailing hourly rates in [the Northern District of New York], which are what a reasonable, paying client would be willing to pay, are $210 per hour for an experienced attorney [and] $150 per hour for an attorney with more than four years experience.'")(quoting *Lore v. City of Syracuse*, 670 F.3d 127, 175 (2d Cir. 2012) (internal quotation marks and citation omitted)). Thus, the Court sets the hourly rate for both Mr. Sanders and Mr. Barshay at $210.00 per hour. Based upon a combined 11.9 hours of legal work, the total attorneys' fee award in this case is $2,499.00.

### 2. Costs

Plaintiff also seeks $495.00 in costs based upon a $400.00 filing fee and a $95.00 filing fee. The Court finds these costs justified under 15 U.S.C. § 1692k(a)(3), and are awarded to Plaintiff against Defendant.

## III.  CONCLUSION

For the reasons set forth above, Plaintiff's motion for a default judgment against Defendant National Credit Adjusters, LLC [dkt. # 11] is **GRANTED**. Plaintiff is awarded against Defendant:

-$1,000.00 in statutory damages pursuant to 15 U.S.C. § 1692k;

-$2,499.00 in attorneys' fee pursuant to 15 U.S.C. § 1692k(a)(3);

and,

-$495.00 in costs pursuant to 15 U.S.C. § 1692k(a)(3).

The Clerk of the Court may enter judgment in favor of Plaintiff and close the file in this matter.

**IT IS SO ORDERED.**

Dated:June 19, 2017

Thomas J. McAvoy
Senior, U.S. District Judge